UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE THOMAS KINKADE COMPANY
f/k/a MEDIA ARTS GROUP, INC., and
RICHARD F. BARNETT,
        Plaintiffs,

v.                                    Case No. 09-10757

LIGHTHOUSE GALLERIES, LLC,        Honorable Patrick J. Duggan
DAVID WHITE, and NANCY WHITE,
        Defendants.
                                          /

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 21, 2010.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

The Thomas Kinkade Company and Richard Barnett ("Plaintiffs") filed a Motion to Vacate Arbitration Award in this Court on March 4, 2009. Lighthouse Galleries, LLC, David White, and Nancy White ("Defendants") responded and filed a Cross-Petition to Confirm Arbitration Award on May 26, 2009. After hearing oral argument on the motions and allowing the parties to submit supplemental evidence in support of their claims, the Court issued an opinion and order on January 27, 2010, vacating the underlying arbitration award. Presently pending before the Court is a motion for reconsideration filed by Defendants on February 8, 2010.

**I. Standard of Review**

Eastern District of Michigan Local Rule 7.1(h)(3) provides that a motion for reconsideration should be granted only if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from correction of that defect.  "A palpable defect is one which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001).  Furthermore, "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3).  Indeed, "[w]hatever may be the purpose of [a motion for reconsideration] it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va.1977)).  Where the movant for reconsideration asserts "nothing new-except his displeasure-this court has no proper basis upon which to alter or amend the order previously entered." *Id.*

## II. Analysis

According to Defendants, this Court committed palpable error when it vacated the underlying arbitration award on grounds that "[1] the neutral arbitrator exhibited evident partiality, [2] the hearings were fundamentally unfair, [3] the arbitrators exceeded the scope of their power, and [4] the arbitrators manifestly disregarded the law."  (Mot. for Reconsideration at 2 (quoting the Court's January 27, 2010, opinion and order at 13).)  As an initial matter, the Court observes that Defendants misconstrue the January 27, 2010,

opinion and order.  The grounds for vacatur quoted by Defendants refer to the grounds argued by Plaintiffs, not the grounds accepted by the Court.  (January 27, 2010, opinion and order at 13.)  The Court vacated the underlying arbitration award on the basis of evident partiality.  Other irregularities in the underlying arbitration proceeding were considered as evidence of the neutral arbitrator's partiality but the Court did not conclude that the other grounds asserted by Plaintiffs independently justified vacatur.[1]

At its core, Defendants' motion for reconsideration presents a disagreement with the Court's conclusion that the neutral arbitrator demonstrated evident partiality in the underlying arbitration proceedings.  Defendants take the position that mid-arbitration, contemporaneous conflicts of interest are less egregious than pre-existing conflicts of interest so long as they are promptly disclosed.  In support, Defendants reiterate arguments previously made and attempt to distinguish cases referred to as persuasive authority by the Court.

The Court continues to disagree with Defendants' analysis of mid-arbitration, contemporaneous conflicts of interest.  The fact that the neutral arbitrator promptly disclosed potential conflicts of interest as they arose does nothing to change the fact that "mid-arbitration business relationships undermine the ability of the parties to make informed decisions regarding the members of their arbitration panel."  (January 27, 2010,

---

[1] In fact, the Court even acknowledged that at least one of the other asserted grounds could not independently justify vacatur under Sixth Circuit precedent.  (*See* January 27, 2010, opinon and order at 18 n.20.)

3

opinion and order at 16.)  Furthermore, the fact that the potential conflicts of interest in this case were either declined after objection or ultimately produced minimal income for the neutral arbitrator's law firm does nothing to change the difficult position in which Plaintiffs were placed at the time of disclosure.

Having reviewed the entirety of the motion for reconsideration, the Court concludes that Defendants merely present the same issues ruled upon by the Court, either expressly or by reasonable implication.  Because Defendants' displeasure provides no proper basis upon which to alter or amend the order previously entered, the Court denies the motion for reconsideration.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Dana N. Levitt, Esq.
Howard B. Iwrey, Esq.
Steven Z. Cohen, Esq.